# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1278V

| | |
|---|---|
| BOYCE DEAN SPRADLIN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2025 |

*Sarah Knight*, Hay & Knight, PLLC, Somerset, KY, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 19, 2022, Boyce Dean Spradlin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome following an influenza vaccine received on November 12, 2019. Petition, ECF No. 1. On August 6, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,588.89 (representing $27,607.80 in fees plus $981.09 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 18, 2024, ECF No. 39. Furthermore, counsel for represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2. Respondent reacted to the motion on November 20, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 40. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 42.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

# ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I endorse the following hourly rates for work performed in this matter:

|                    | 2021  | 2022  | 2023  | 2024  |
|--------------------|-------|-------|-------|-------|
| Sarah Knight, Esq. | $444  | $458  | $482  | $509  |
| Paralegals         | $172  | $177  | $186  | $197  |

The paralegal rates proposed herein are reasonable and shall be adopted. But the rates proposed for attorney Knight require further evaluation.

Ms. Knight has been a licensed attorney since 2007 (Motion at 39-1), placing her in the range of attorneys with 11 - 19 years' experience based on the OSM Attorneys' Fee Schedules.[3] As such, Ms. Knight is eligible for hourly rates between $355 -$458 per hour for time billed in 2021-22, and $386 - $509 for time billed in 2023-24. Although Ms. Knight's proposed rates fall within OSM's Fee Schedules given her level of experience, she seeks rates on the highest end of the ranges – despite her lack of significant experience handling Program matters, with this appearing to be her first Vaccine Act case. Prior experience with Program cases is relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I hereby find it reasonable to award Ms. Knight the lower hourly rate of $366 for time billed in the 2021-22 timeframe, and $386 for time billed in the 2023-24 timeframe. Application of the foregoing reduces the amount to be**

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

**awarded herein by $4,735.70.**[4] Ms. Knight will be eligible for higher rates in the future, however, as she demonstrates more experience representing petitioners in the Vaccine Program.

### B. Paralegal Tasks Billed at Attorney Rates

In addition to the aforementioned hourly rate reductions, there are several instances in which tasks that are considered paralegal in nature were improperly billed using the attorneys' hourly rate in this matter.[5] Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce the hourly rates for time expended on tasks considered paralegal in nature, to a rate of $172 per hour for time billed in 2021-22 and $186 per hour for time billed in 2023-24.** Application of the foregoing further reduces the fees to be awarded herein by **$1,662.00**.[6]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 35-1 at 15-17. Respondent offered no specific objection to the requested costs. Accordingly, I find the requested costs reasonable and hereby award them in full.

---

[4] This amount is calculated as ($444 - $366 = $78 x 6.30 hrs.) + ($458 - $366 = $92 x 11.20 hrs.) + ($482 - $386 = $96 x 23.10 hrs.) + ($509 - $386 = $123 x 8.10 hrs.) = $4,735.70.

[5] Examples of tasks considered paralegal in nature: 9/14/22: "E-file complaint, PAR medical history questionnaire; civil cover sheet; petition; affidavit…" 10/13/22: "update index to Exhibits Prepare and file Notice of Filing E-file statement of Completion…" 12/2/22: "File supplemental records…" 1/20/23: "Save and review scheduling order; calendar deadlines." 2/11/23; 2/17/23; 11/9/23; 11/19/23; 12/11/23 (two entries); 12/12/23; 12/14/23; 1/31/24; 3/20/24; 9/13/24. *See* ECF No. 39-2.

[6] This amount is calculated using Ms. Knight's newly awarded rates: ($366 - $172 = $194 x 3.00 hrs.) + ($386 - $186 = $200 x 5.40 hrs.) = $1,662.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $22,191.19 (representing $21,210.10 in fees plus $981.09 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.